IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:21-cv-00585 |
| v. ) | |
| ) | Judge Aleta A. Trauger |
| $34,936 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING ENTRY OF DEFAULT

Pending is Plaintiff's Application to Clerk for Entry of Default as to Levata L. Inthavong, Cellware, LLC, and all persons and entities who may have an interest in $34,936 United States Currency ("Defendant Property") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. No. 7). For the following reasons, Plaintiff's Application is **GRANTED**.

Plaintiff filed its Verified Complaint In Rem on July 30, 2021, seeking forfeiture of the Defendant Property pursuant to 21 U.S.C. §881. (Doc. No. 1). Mr. Inthavong, through his counsel Eric A. Pack, filed a verified claim of interest in Defendant Property on April 29, 2021. (Doc. No. 7-2). Plaintiff filed the pending Application for Entry of Default on October 31, 2022. (Doc. No. 7).

Pursuant to Local Rule 55.01, motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying: (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and, (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). In support of its Application, Plaintiff filed the Declaration

of Veronica Lane. (Doc. No. 9-1).

Pursuant to Fed. R. Civ. P., Supp. R. G, the United States is required to give direct notice to any known potential claimants. Direct notice "must be sent by means reasonably calculated to reach the potential claimant." Fed. R. Civ. P. Supp. G(4)(b)(iii)(A). "Actual notice, however, is not required. Instead, the Government must show a reasonable attempt to provide actual notice." *United States v. Mayes*, No. 3:14-CR-147-TAV-DCP, 2018 WL 3602971, at *5 (E.D. Tenn. July 5, 2018), *report and recommendation adopted*, No. 3:14-CR-147-TAV-DCP, 2018 WL 3594986 (E.D. Tenn. July 26, 2018) (internal citations omitted). Notice may be sent to either the claimant or the attorney representing him or her with respect to the forfeiture or a related proceeding. Fed. R. Civ. P. Supp. G(4)(b)(iii)(B). "The adequacy of notice is measured at the time the notice was sent." *United States v. Latham*, 54 F. App'x 441, 444 (6th Cir. 2002).

Lane declares that copies of the Verified Complaint, Notice of Judicial Forfeiture, and Declaration were sent to claimant, Mr. Inthavong and Cellware, LLC, via regular first class and certified mail on August 9, 2021 and to Mr. Inthavong's counsel, Eric Pack on September 15, 2021. (Doc. No. 7-1 at PageID # 35-36; Doc. No. 7-3).

Pursuant to Fed. R. Civ. P., Supp. R. G, the United States is also required to give general notice of this In Rem action to the public. The United States may satisfy the public notice requirements of Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C) with publication "on an official internet government forfeiture site for at least 30 consecutive days."

Lane declares that publication of the Notice of Judicial Forfeiture Proceedings was made online at www.forfeiture.gov, the official internet government forfeiture site, for 30 consecutive days beginning on October 28, 2021, and ending on November 26, 2021. (Doc. Nos. 7-1 at PageID # 36 and Doc. No. 7-5). Pursuant to Supplemental Rule G(5)(a)(ii)(B), all persons must file a claim "no later than 60 days after the first day of publication on an official internet government forfeiture

site."

More than sixty (60) days have passed since the first day of publication of the notice on the official government internet web site and no person or entity, other than Mr. Inthavong, has filed a claim as to Defendant Property. (Doc. No. 9-1 at PageID # 40). The time for filing a claim pursuant to Rule G(5) of the Supplemental Rules has expired.

For the foregoing reasons, Plaintiff's Application to Clerk for Entry of Default as to Levata L. Inthavong, Cellware, LLC, and all persons and entities who may have an interest in $34,936 United States Currency, (Doc. No. 7), is **GRANTED.**

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court